Court of Criminal Appeals 82,572-01
P.O. box 12308 capitol station
Austin tx 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS
NOV 10 2015
Abel Acosta, Clerk

November 9. 2015

RE: Anderson, Chamel Nicole
C.C.A. no. WR 82.572.01
Trial court case no. W09.56401-U(A)

Dear clerk: Abel Acosta,

Could you please forward this letter
to the people who are reviewing my case

there has been no answer from the
291st courts to support supplemental records
including finding of facts.

note also. that October 26, 2015. I filed a
supplemental writ regarding jurisdictional
defect. to date as well no response
As well with the federal courts.

thanks you for your assistance
in this matter.

Sincerely,

CHAMEL ANDERSON.

This document contains some
pages that are of poor quality
at the time of imaging.

Court of Criminal Appeals
P.O. box 12308 capitol station
Austin tx. 78711

November 9, 2015

RE: CCA no. WR-82,572-01
Trial court case no. W0916401-U(A)
letter speaking factual discussion

Dear judge:

As ive recieved every attempt you've given to the presiding judge. 291# district court requesting additional facts. including finding of facts. I also sent out certified mail on september 28, 2015. requesting information to be sent as well. and to this date there has been no response

which this information was to be recieved to you by May 14, 2015. therefore to my knowledge they cant give you, what they dont have.

herein review of police investigation report service # 01898431W Arrest # 09-040046

In the report it was said on or about 30 june 2009. Chamel Anderson. did... then & there commit the offense

but in line 8 it states incident happened on june 29, 2009.

which makes this report hearsay

above charging description officer connel # 9615 & turner # 5806 responded to a call from police dispatcher

but in line 23. comp & wit lester did not call the police.

Also if in line 4 wit Arrinton & line 7 wit page where actual witnesses to altercation as stated in line 16 his ford escort was struck.

why then didnt they call the police. because In fact he was not a witness.

In line 2-3. it states officers were met by wit Anngton. which in fact. he was the comp. who made the call to police

which I was informed by Annlgton that he did call police, that why I answered. my door when police arrived.

In line 6 is given fabricated & false testimony by dallas police officers

because it states AOs did recieve an answer at my door. by me & was allowed inside Apt to escort Steven. Annlgton. to retrieve their belongings. concluding initial incident to call disturbance. resolved.

In line 24-25 is false statement told to officers had they had. credible character witnesses.

R. liscomb. called the police to one prior incident we had. with knowledge liscomb & lester knew they owed me 200$ when the officer dispatched to the residence it was reported by me to the officer that liscomb. didnt think it was "nigger" money when he borrowed. it.

In line 17-18 Ap thrust the knife which again is hearsay Infact. if this occured. one of us would have been cut with stab wound by knife.

In line 25, 26, 27 was fabricated by police officers creating wrongful arrest. it was told by officers to avoid liability of being sued.

here in declaration of penalty of perjury Infact: I never came outside into the courtyard engaging in any verbal dispute with anyone Infact: I was inside my Apt. when again the same police officers came back beating on my door.

when I opened my door the dallas police officers forced their way back into my Apt. without probable cause or search warrant

2

I was scared. One of those officers dumped out my purse asking for my I.D. which my I.D. I.d fell on the floor while the other officer went directly into the kitchen. The officer who dumped out my purse started searching my Apt & found my expired MO. I.d. J203343020

which I was booked into lewstevett County Jail with along with my keys to my Apt.

In line 27 states the cause of arrest was a verbal dispute.

this was in fact a cover up of what actually happened to me instead of what was proclaimed in line 30-31.

there was said to have been a threat in line 11. but window was not broken by brick.

a verbal dispute does not qualify when physical violence or threats do not occure for arrest there was not even an attempted assault in the presence of officers.

It did not state Chamel Anderson came outside with frying pan & knife so I never had possession.

In line 33 & 35 knife wasnt recovered, but it was described as.

which means in original indictment stating I had a pot & a knife" indicates no existence

these claims I told my attorney Edwin V. King Jr. could have been discovered if took any intrest in finding truth & seeking justice. He wanted me to plead insanity but if my words were taken seriously.

therefore in conclusion.. I was wrongfully arrested. wrongfully convicted under jurisdiction al defects. Abuse of Discretion by that court due to language implied by indictment & lack, there of. & I was wrongfully imprisoned.

My Destiny is worth fighting for. I pray for relief of this judgement my confinement has no legality.

therefore my conviction is void.
wrongful conviction means to bring about a just one

see berger V. United states. 295. U.S. 78. 88 (1935)

I chamel Anderson. 1811941 from Texas Dept of criminal justice being presently incarcerated in Texas Dept of criminal justice at lane Murray unit in Corryall county. texas. declare under penalty of perjury that the foregoing is true & correct.

Executed this november 9. 2015

CHAMEL ANDERSON
1916 n. Hwy 36 Bypass
gatesville tx. 76596.

4

SERVICE#: 0189843W          ARREST#: 09-040046

AFFIDAVIT (CONTINUED)

THIS TIME WIT ARINGTON CAME UP AND COMP HAD AP BY HER HAIR. COMP AND AP RELEASED THEIR HOLD ON EACH OTHER AND WIT ARINGTON TOOK AP BACK TO HER APARTMENT. COMP AND WIT LESTER STATED THEY DID NOT CALL THE POLICE AT THAT TIME, BECAUSE THEY HAVE HAD SEVERAL ALTERCATIONS WITH AP AND THAT THEY ARE AFRAID OF AP. WHILE AO'S WERE INTERVIEWING THE COMP, WIT LESTER AND WIT PAGE IN THE APARTMENT COURTYARD. AP CAME OUTSIDE TO THE COURTYARD AND BECAME INVOLVED IN A VERBAL DISPUTE WITH THE COMP AND WITNESSES.
AP, COMP AND WITNESSES LIVE IN CLOSE PROXIMITY TO EACH OTHER. AO'S FELT THAT IF AP WAS NOT TAKEN INTO CUSTODY AT THAT TIME THE DISTURBANCE WOULD ESCALATE. AP WAS TAKEN INTO CUSTODY, TO PREVENT ANY FURTHER VIOLENCE FROM OCCURING. THE FRYING PAN WAS PLACED IN THE BAYLOR STREET PROPERTY ROOM ON TAG #034111B. THE KITCHEN KNIFE WAS NOT RECOVERED. AP WAS SEARCHED BY PSO TRUDEAU #D0206 AND TRANSPORTED TO LEW STERRETT. THE KNIFE USED IN THIS OFFENSE IS DESCRIBED AS A BLACK HANDLED KITCHEN KNIFE WITH AN APPROXIMATE 3" BLADE.

_____
AFFIANT

WHEREFORE AFFIANT REQUESTS THAT AN ARREST WARRANT BE ISSUED FOR THE ABOVE ACCUSED INDIVIDUAL IN ACCORDANCE WITH THE LAW.

SUBSCRIBED AND SWORN TO BEFORE ME ON
DATE: ___JUN 3 0 2009_____

_____
MAGISTRATE

*************************************************************

THE STATE OF TEXAS
COUNTY OF DALLAS

I, Felicia Pitre, District Clerk of
Dallas County, Texas, do hereby certify
that the foregoing is a true and correct
copy as the same appears on record in

SERVICE#: 0189843W        ARREST#: 09-040046   56401-291

AFFIDAVIT FOR ARREST WARRANT        COUNTY OF DALLAS        STATE OF TEXAS

    BEFORE ME, THE UNDERSIGNED AUTHORITY, ON THIS DAY PERSONALLY APPEARED THE UNDERSIGNED AFFIANT WHO, AFTER BEING DULY SWORN BY ME, ON OATH STATED: MY NAME IS ____**SGT PAUL SCHAFER**____ AND I AM A PEACE OFFICER OF THE CITY OF DALLAS, DALLAS COUNTY, TEXAS. I, THE AFFIANT, HAVE GOOD REASON AND DO BELIEVE THAT ON~OR~ABOUT~30~JUNE 2009 ONE ANDERSON,CHAMEL,NICOLE        DID THEN AND THERE IN THE CITY OF DALLAS, DALLAS COUNTY, TEXAS COMMIT THE OFFENSE(S) OF:

    AGG ASLT                        F2      22.02      0189843W

AFFIANT'S BELIEF IS BASED UPON THE FOLLOWING FACTS AND INFORMATION:

CONNEL,STEVEN        ___ 9615 , A FELLOW PEACE OFFICER OF THE CITY OF DALLAS, DALLAS COUNTY, TEXAS, WHO PERSONALLY PARTICIPATED IN THE INVESTIGATION OF THESE ALLEGED OFFENSE(S), PROVIDING THIS INFORMATION TO AFFIANT, AND WHOSE INFORMATION AFFIANT BELIEVES TO BE CREDIBLE.

ON JUNE 30, 2009 AT ABOUT 0900 A.M. OFFICER(S) CONNEL,STEVEN # 9615 AND TURNER,RANDY D # 5806 RESPONDED TO A CALL FROM THE POLICE DISPATCHER REGARDING THE MAJOR DISTURBANCE IN WHICH AP ANDERSON, CHAMEL, NICOLE WAS INVOLVED AT 13717 PRESTON RD #117 DALLAS, DALLAS COUNTY, TEXAS.

CHARGE DESCRIPTION:        AGG~ASLT

AO'S CONNEL #9615 AND TURNER #5806 RESPONDED TO A~CALL REGARDING A DISTURBANCE AT 13717 PRESTON RD #117. UPON ARRIVAL AO WAS MET BY WIT ARINGTON AND HIS FAMILY. WIT ARINGTON STATED THAT HIS FAMILY HAD BEEN STAYING AT AP ANDERSONS' APARTMENT THE LAST THREE DAYS. WIT ARINGTON STATED THAT AP KICKED THEM OUT OF THE APARTMENT AND HE STILL HAD PROPERTY INSIDE THE LOCATION. AO'S~RECEIVED~NO~ANSWER AT~AP'S~DOOR. AO'S WERE APPROACHED BY COMP LISCOMB, WIT LESTER AND WIT PAGE. WIT LESTER STATED THAT ON~JUNE~29,~2009 AT APPROXIMATELY 11:00 P.M. SHE WENT TO THE MAILBOX, WHICH IS ADJACENT TO AP'S APARTMENT. WHILE AT THE MAILBOX AP CAME OUT OF HER APARTMENT AND CLAIMED THAT WIT LESTER OWED HER MONEY AND AP WAS GOING TO THROW A BRICK THROUGH HER WINDOW. WIT LESTER WENT BACK TO THE COURTYARD OUTSIDE HER APARTMENT, WHERE SHE BEGAN TO TELL COMP LISCOMB WHAT HAD JUST OCCURRED. DURING THIS TIME AP APPROACHED~COMP IN THE APARTMENT COURTYARD, CARRYING A FRYING PAN AND A KITCHEN KNIFE. AP THREW THE FRYING PAN AT COMP. COMP DUCKED AND THE FRYING PAN STRUCK THE WINDSHIELD OF WIT PAGE 1996 FORD ESCORT TX/JSG983. THIS CAUSED SEVERAL SMALL CRACKS IN THE WINDSHIELD. AP THEN~APPROACHED COMP~AND~THRUST~THE~KNIFE~AT~HIM. COMP GRABBED AP'S ARM AND THEY BEGAN TO STRUGGLE OVER THE KNIFE. AP THEN BIT COMP ON THE INSIDE OF HIS RIGHT UPPER ARM. COMP'S RIGHT UPPER ARM HAD VISIBLE BITE MARK AND BRUISING. AT

**THE STATE OF TEXAS**
**COUNTY OF DALLAS**

I, Felicia Pitre, District Clerk of
Dallas County, Texas, do hereby certify
that the foregoing is a true and correct